UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| P H I AVIATION L L C | CASE NO. 6:24-CV-00076 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| HELISERVICIO S A DE C V ET AL | MAGISTRATE JUDGE DAVID J. AYO |

**REPORT AND RECOMMENDATION**

Before this Court is a MOTION FOR PARTIAL DISMISSAL filed by defendant Rotorwing Financial Services, Inc. ("Rotorwing"). (Rec. Doc. 35). Plaintiff PHI Aviation, LLC ("PHI") opposes the motion. (Rec. Doc. 39). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, law, and the parties' arguments, and for the reasons explained below, this Court recommends that Rotorwing's motion be GRANTED in part and DENIED in part.

**Factual Background**

Rotorwing leased two Bell 412EP helicopters from PHI via separate leases dated February 1, 2021. (Amended Complaint as Rec. Doc. 20 at ¶¶ 24, 32). These "Helicopter Dry Lease Agreements" are referred to as the "36668 Lease" and the "36669 Lease." (*Id.*). Rotorwing subleased one of these helicopters to co-defendant Heliservicio S.A. de C.V. ("Heliservicio") pursuant to the "36668 Sublease." (*Id.* at ¶ 25). PHI alleges that Rotorwing failed to adhere to the terms of these leases and sublease and asserts claims against Rotorwing for declaratory judgment, breach of contract, violation of the LUTPA, and unjust enrichment under Louisiana law. (*Id.* at ¶¶ 42–44, 60–71, 90–95, and 100–101).

Rotorwing moves to dismiss only PHI's claims for unjust enrichment and violation of the LUTPA. (Rec. Docs. 35, 36). The motion is fully briefed and properly before the undersigned for review.

## Applicable Standards

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

## Analysis

***LUTPA***

PHI's Amended Complaint alleges that Rotorwing "willfully and wantonly failed to provide PHI with certain information and documentation designed to verify Rotorwing and Heliservicio are in full compliance with certain of their covenants and obligations under the 36668 Lease and 36668 Sublease, respectively." (Rec. Doc. 20 at ¶ 91). Rotorwing seeks dismissal of this claim, alleging PHI's allegations do not rise to the level of a viable LUTPA claim under Louisiana law.

LUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce..." La. R.S. 51:1405(A). La. R.S. 51:1409 creates a private action for damages for "[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use of employment by another person of an unfair or deceptive method, act, or practice." "It has been left to the courts to decide, on a case-by-case basis, what conduct falls within the [LUTPA]'s prohibition." *Cenac v. Orkin, LLC*, 941 F.3d 182, 194 (5th Cir. 2019) (citing *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 35 So. 3d 1053, 1059 (La. 2010)). "It is well settled that a practice is considered unfair when it offends established public policy and when the practice in unethical, oppressive, unscrupulous, or substantially injurious to consumers or business competitors." *Law Industries, LLC v. Dep't of Educ.*, 378 So.3d 3, 7 (La. 2024) (internal citations omitted). "The range of prohibited practices under the LUTPA is extremely narrow." *Cheramie*, 35 So. 3d at 1060. The LUTPA should not be interpreted as "an alternate remedy for simple breaches of contract." *Quality Envtl. Processes, Inc. v. I.P. Petroleum Co.*, 144 So. 3d 1011, 1025 (La. 2014).

3

PHI's Amended Complaint alleges that under the express terms of the 36668 Lease, Rotorwing, as the sublessor of the helicopter at issue was required to deregister the helicopter with the United States Federal Aviation Administration ("FAA") once the helicopter was delivered to Rotorwing in Mexico. Once it received the helicopter in Mexico, Rotorwing was also required to register the helicopter with Mexico's FAA equivalent, the Agencia Federal de Aviacion Civil ("AFAC"). (Rec. Doc. 20 at ¶¶ 24–31, 61–63).

By correspondence of December 8, 2023, PHI requested information and documentation to verify that Rotorwing and Heliservicio were in compliance with these obligations under the 36668 Lease. (*Id.* at ¶ 27). PHI alleges that Rotorwing and Heliservicio failed to timely respond to the December 8 requests. (*Id.* at ¶ 28). PHI invoked the mediation provision of the 36668 Lease but alleges that the mediation was cancelled because Rotorwing and Heliservicio did not cooperate with the mediation administrator's requests. (*Id.* at ¶¶ 29–30). By correspondence of December 22, 2023, PHI declared Rotorwing and Heliservicio to be in default of the 36668 Lease and demanded that the SN 36668 helicopter be grounded. (*Id.* at ¶ 31).

Under the 36668 Lease, Rotorwing was also obligated to deregister the helicopter with the AFAC as part of the helicopter redelivery process. (*Id.* at ¶ 74). PHI alleges that Rotorwing's failure to deregister the subject aircraft constituted an unfair trade practice, as it deprived PHI of its commercial use. (*Id.* at ¶¶ 75–78). PHI alleges that Rotorwing is properly viewed as its "competitor in the helicopter procurement and service industry" and that its "willful and wanton" refusal to deregister the SN 36668 helicopter as required under the 36668 Lease constitutes the sort of egregious acts which are contrary to public policy and resulted in an ascertainable loss. (*Id.* at ¶ 76).

Taken together, PHI's Amended Complaint alleges purposeful breach of various provisions of the 36668 Lease. These allegations do not include the indicia of "fraud, misrepresentation, [or] similar conduct" required of viable LUTPA claims. *Quality Envtl. Processes*, 144 So. 3d at 1025. Moreover, PHI alleges no facts that support its claim that Rotorwing's alleged breach was purposeful and, similarly, offers no authority in support of its argument that purposeful breach is a sufficient basis for a claim under the LUTPA as interpreted by state and federal courts addressing the issue. For these reasons, the undersigned recommends that the instant motion be granted in part and that PHI's LUTPA claim against Rotorwing be dismissed.

***Unjust Enrichment***

Louisiana law provides a cause of action for unjust enrichment where "[a] person has been enriched without cause at the expense of another person[.]" Unjust enrichment is a subsidiary remedy and is therefore "unavailable if the law provides another remedy for the impoverishment." La. Civ. Code Ann. art. 2298. The Louisiana Supreme Court articulated five elements of a viable unjust enrichment claim in *Carriere v. Bank of Louisiana*:

> (1) an enrichment on the part of the defendant;
>
> (2) an impoverishment on the part of the plaintiff;
>
> (3) a causal relationship between the enrichment and impoverishment;
>
> (4) an absence of justification or cause for the enrichment or impoverishment; and
>
> (5) no other remedy at law.

702 So. 2d 648, 651 (La. 1996).

"[W]here the facts (either as plead or as later developed) do not support the existence of another claim[,]" Louisiana law permits a plaintiff to plead an unjust enrichment claim in the alternative. *McKinney Salvage, LLC v. Rigid Constructors, LLC*, 2024 WL 2879643 at *7 (W.D. La. 2024) (citing *Hidden Grove, LLC v. Brauns*, 356 So. 3d 974 (La. 2023), adopted by 2024 WL 4136547 (W.D. La. 9/10/2024). In the instant case, PHI alleges the existence of a valid contract governing the lease at issue. (Rec. Doc. 20 at ¶¶ 24–31). Alternatively, PHI asserts a claim for unjust enrichment in the event that no valid contract is found to govern the parties' relationship. (*Id.* at ¶¶ 90–95). As demonstrated by the Louisiana Supreme Court's ruling in *Hidden Grove, LLC v. Brauns*, dismissal of PHI's unjust enrichment claim at this stage of litigation would be improper. 356 So. 3d at 976–77 (trial court denied Hidden Groves' claims for breach of contract and trespass but awarded judgment to plaintiff under the theory of unjust enrichment). Accordingly, the undersigned recommends that the instant motion be denied as to PHI's claim for unjust enrichment.

***Contingent Request to Amend***

PHI's opposition to the instant motion contains what is sometimes referred to as a "contingent request to amend." PHI requests leave to amend "in the event the Court perceives any deficiency [in its First Amended Complaint]…" (Rec. Doc. 39 at p. 7). Rule 15(a) requires that a district court grant leave to amend "freely…when justice so requires." While leave to amend is doubtless favored by Fifth Circuit jurisprudence, it is "by no means automatic." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) (citing *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)); *U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (a request to amend "to fix any infirmity[,]" made in passing, without indication of the grounds on which the amendment is sought is not a proper motion for

6

leave within the meaning of Rule 15(a)).  Where, as here, a request for leave to amend is not made by motion, is not accompanied by a proposed amended pleading, and does not advise the court as to "the substance of any proposed amendment[,]" the Fifth Circuit has affirmed a district court's discretion in denying leave to amend.  *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002).  This Court will recommend that leave be denied accordingly, particularly in light of PHI's prior amendment.  (*See*, Rec. Doc. 20).

## Conclusion

For the reasons discussed herein, the Court recommends that defendant Rotorwing's instant MOTION FOR PARTIAL DISMISSAL (Rec. Doc. 35) be GRANTED IN PART, such that PHI's claim against Rotorwing under the Louisiana Unfair Trade Practices Act, La. R.S. 51:1401, *et seq.*, be DISMISSED with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), and DENIED IN PART, such that PHI's claim against Rotorwing under the theory of unjust enrichment be preserved for further proceedings.  It is further recommended that, insofar as PHI's opposition brief (Rec. Doc. 39) seeks leave to further amend its complaint, such relief be DENIED based on PHI's failure to properly request such relief under applicable law and jurisprudence.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party

7

from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

    **THUS DONE** in Chambers, Lafayette, Louisiana on this 5th day of February, 2025.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**